896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Joe McFADDEN, Defendant-Appellant.
 No. 89-5608.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 28, 1989.
Decided: Feb. 12, 1990.
 
 Jamie Lee Murdock, Jr., Shand, Stanton & Murdock, Lionel S. Lofton for appellant.
 E. Bart Daniel, United States Attorney; Mark C. Moore, Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 After entering pleas of guilty to eight counts of violating 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C), appellant was sentenced to 172 months of incarceration. In determining this sentence, the court increased the offense level by four levels, because it found McFadden's role in the offense to be that of an organizer or leader of a criminal activity that involved five or more persons under Sec. 3B1.1(a) of the Sentencing Guidelines. Appellant denies that he was a leader or organizer and claims that his four-level increase is disproportionate, because an individual of higher rank in the organization did not receive a four-level increase.
 
 
 2
 We review the district court's determination of McFadden's role in the offense under a clearly erroneous standard, and we give due regard to the district court's opportunity to judge credibility and to apply the Sentencing Guidelines to the facts. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). The record reflects that the appellant was the primary distributor of cocaine in South Carolina for the group involved in this case. He received the cocaine from the Miami suppliers, Richardson and Taylor; then he sold it to numerous individuals. During the time covered by the indictment, he sold 15 to 20 kilograms of cocaine. Although he did not organize the movement of the cocaine from Florida to South Carolina, he was an organizer and leader of the distribution within South Carolina.
 
 
 3
 The refusal of the district court to increase the offense level of Anna Jean Bradley by four levels does not require a reduction of the appellant's level or an invalidation of his sentence. Although appellant claims that Bradley was higher in the chain of command, it was not clear error for the district court to find that her role in the present offenses did not justify the four level increase.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED.